**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-CV-01779-WYD-MEH

CHRISTOPHER WELLS,

Plaintiff,

v.

LOJACK CORPORATION,

Defendant.

---

**DEFENDANT'S ANSWER AND DEFENSES**

---

Defendant LoJack Corporation ("Defendant" or "LoJack"), by and through its attorneys, Jackson Lewis LLP, submits its Answer and Defenses to the Complaint of Plaintiff Christopher Wells ("Plaintiff" or "Wells") as follows:

1. Defendant admits Plaintiff is alleging violation of the public policy exception to at-will employment and breach of an implied contract, and denies the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Defendant removed this matter to the U.S. District Court for the District of Colorado. Defendant does not contest venue or jurisdiction.

**FACTS**

5. Defendant admits it employed Plaintiff from April 3, 2006, until November 19, 2010, as an Account Manager and Senior Account Manager, reporting to Anthony Farina. Defendant denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits it terminated Plaintiff's employment on November 19, 2009. Defendant denies the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Defendant admits Plaintiff exceeded 100% of his yearly quota in 2007, 2008 and for the three quarters he worked for Defendant in 2009. Defendant admits it conducted layoffs in 2009. Defendant admits it promoted and gave Plaintiff a raise in 2009. Defendant denies the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits that when a car dealership sells a LoJack unit and Defendant is unable to confirm that the LoJack unit is properly registered in the LoJack database, either the car dealership or Defendant may contact the purchaser. Defendant admits that car dealerships have mistakenly reported to Defendant that they sold cars with LoJack units, when the vehicle did not have a LoJack unit registered in the LoJack database. Defendant denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits Plaintiff occasionally sent correspondence to purchasers when Defendant could not confirm that the vehicle had a LoJack unit registered in the LoJack database. Defendant denies the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits it delivered an Employee Warning Notice to Plaintiff on November 18, 2009. Defendant admits it terminated Plaintiff's employment on November 19, 2009. Defendant denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint, and therefore denies those allegations.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## PUBLIC POLICY EXCEPTION TO AT-WILL EMPLOYMENT

15. Defendant incorporates by reference its responses to Paragraphs 1-14 of Plaintiff's Complaint as though fully set forth herein.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

**FOURTH [SIC] CAUSE OF ACTION**

**BREACH OF IMPLIED CONTRACTUAL DUTY AND DUTY OF FAIR DEALING**

21. Defendant incorporates by reference its responses to Paragraphs 1-20 of Plaintiff's Complaint as though fully set forth herein.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

* * * * *

**DEFENSES**

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

To the extent Plaintiff recovers any monies from collateral sources, Defendant is entitled to a set-off.

**THIRD DEFENSE**

Plaintiff's Complaint is barred by the doctrines of unclean hands, waiver, and estoppel.

**FOURTH DEFENSE**

Defendant is relieved of any liability whatsoever as to Plaintiff's claims because any unlawful conduct alleged against its current and/or former employees occurred outside the course and scope of their employment.

**FIFTH DEFENSE**

To the extent, if any, that any contract may have existed between the parties, that contract was breached by Plaintiff, and Defendant was excused from performance based upon failure of a condition precedent.

**SIXTH DEFENSE**

Plaintiff's claim for damages is barred because he failed to mitigate his alleged damages.

**SEVENTH DEFENSE**

To the extent Plaintiff has suffered damages, which Defendant denies, such damages were caused by the acts or omissions of Plaintiff or some third party, and not by Defendant.

**EIGHTH DEFENSE**

Plaintiff's claims are barred by the doctrine of laches.

**NINTH DEFENSE**

Defendant acted in good faith and in accordance with its honestly held business judgment and has not violated any rights which may be secured to Plaintiff under any federal, state or local laws, rules, regulations or guidelines.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or part, because any qualification standard or selection criteria used by Defendant was job related and consistent with business necessity.

**ELEVENTH DEFENSE**

Plaintiff's employment with Defendant, at all times relevant to this action, was at-will and could be terminated by either party and at any time, with or without notice or cause.

**TWELFTH DEFENSE**

No contract, agreement or covenant, either verbal or written, express or implied existed at any time between Plaintiff and Defendant.

**THIRTEENTH DEFENSE**

Plaintiff's claims for breach of contract are barred based on the absence of any meeting of the minds, and for want of consideration.

**FOURTEENTH DEFENSE**

Plaintiff's claims, in whole and in part, are barred by the parol evidence rule and/or the Statute of Frauds.

**FIFTEENTH DEFENSE**

Plaintiff's prayer for punitive damages is barred because Defendant has made a good faith effort to comply with the law.

**SIXTEENTH DEFENSE**

Any award for punitive or compensatory damages Plaintiff may be eligible to receive must be limited by the applicable statutory maximum.

**SEVENTEENTH DEFENSE**

Because the Complaint is couched in broad and conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to the claims alleged. Accordingly, Defendant reserves the right to assert additional defenses if and to the extent such defenses are applicable.

**WHEREFORE**, Defendant respectfully requests that the Court:

1. Deny the relief Plaintiff seeks in his Complaint;
2. Dismiss Plaintiff's Complaint, in its entirety, with prejudice;
3. Award Defendant its costs and attorneys' fees incurred in connection with this action; and
4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 4th day of August, 2010.

*s/ Ryan P. Lessmann*
Colleen M. Rea
Ryan P. Lessmann
JACKSON LEWIS LLP
950 17th Street, Suite 2600
Denver, Colorado 80202
Telephone: (303) 892-0404
Facsimile: (303) 892-5775
Colleen.Rea@jacksonlewis.com
lessmanr@jacksonlewis.com

*ATTORNEYS FOR DEFENDANT LOJACK CORPORATION*

**CERTIFICATE OF SERVICE**

I certify that on August 4, 2010, a true and correct copy of the foregoing was filed with the Clerk of Court and served on the following using the CM/ECF system:

**Marc T. Wuthrich**
**Marc T. Wuthrich, Esq. LLC**
**PO Box 424**
**Broomfield, CO 80038**
**marc@wuthruchattorneys.com**

*s/ Shelley Remaklus*
for Jackson Lewis LLP